IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CT-3342-D

NATHANIEL R. WEBB, )
)
Plaintiff, )
)
v. ) **ORDER**
)
WARDEN JOHN GODFREY, et al., )
)
Defendants. )

On November 6, 2020, Nathaniel R. Webb ("Webb" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 [D.E. 1, 2, 6]. Webb moves to compel and for sanctions [D.E. 45, 51]. On December 27, 2021, Magistrate Judge Robert B. Jones, Jr. issued a Memorandum and Recommendation ("M&R") and recommended denying Webb's first and second motions to compel and for sanctions [D.E. 57]. On January 6, 2022, Webb objected to the M&R [D.E. 59]. Webb also moves for a third motion to compel and for sanctions [D.E. 55] and to correct clerical error [D.E. 56].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a

magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

Webb's objection is general and addresses no particular argument in the M&R other than to raise that the Magistrate's order was issued without reviewing Webb's reply to defendant's response. See [D.E. 59]. The court has reviewed the M&R and the record, including Webb's reply. The court is satisfied that there is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R [D.E. 57].

As for Webb's third motion to compel and for sanctions, Webb contends that defendants failed to respond "to discovery requests located at D.E. 46, 47, and 48," and seeks sanctions in the amount of $5,000 and entry of default against defendants. [D.E. 55] 1–3. On November 23, 2021, defendants responded to Webb's discovery requests. See [D.E. 54-10]–[D.E. 54-12]. Thus, Webb's third motion to compel and for sanctions lacks merit and is denied.

As for Webb's motion to correct clerical error, Webb alleges that Magistrate Judge Jones erred in his December 13, 2021 order directing defendants to respond to Webb's first and second motions to compel and for sanctions. See [D.E. 56] 1–2. The court has reviewed the motion under the governing standard. See Fed. R. Civ. P. 54(b); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Webb has not presented any argument warranting reconsideration. Thus, the court denies the motion. Cf. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006); Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

In sum, the court ADOPTS the conclusions in the M&R [D.E. 57] and DENIES plaintiff's motions [D.E. 45, 51, 55, 56]. The court cautions plaintiff that future motions to compel and for

2

sanctions are strongly discouraged. This long-pending case must move forward to resolution.

SO ORDERED. This 7 day of April, 2022.

_/s/ J. Dever_
JAMES C. DEVER III
United States District Judge

3

Case 5:20-ct-03342-D   Document 64   Filed 04/07/22   Page 3 of 3